## SUPREME JUDICIAL COURT

### FOR THE COUNTY OF

# KENNEBEC.

## MAY TERM,

## 1822.

### PATRIDGE v. BALLARD & AL.

Under *Stat.* 1786, *ch.* 67, it was competent for the Court of Sessions, in the exercise of a sound discretion, to impose as a condition on granting the prayer of a petition for a new highway, that the expense of its location should be borne by the petitioners.

The petitioners in such case are not bound to cause the road to be laid out; but if they do, they assent to the condition imposed, which they are therefore bound to perform.

If, pending such petition, it be altered in a part not affecting the general object sought by the petitioners, such alteration will not discharge their liability.

The effect of such alteration upon the road prayed for being a question of fact, and not of construction, is to be determined by the jury.

*ASSUMPSIT* for services performed by the plaintiff, as one of a Committee appointed by the Court of Sessions of this county, to lay out a certain highway, upon the petition of the defendants.

From the report of the Judge who presided at the trial it appeared that in the year 1799 the Court of Sessions of this county established a standing rule, that all county roads laid out under the authority of that Court on the application of petitioners, should be *laid out at the expense of such petitioners*, unless otherwise specially directed; and that the practice ever since had been uniformly according to the rule.

It further appeared that upon a petition of the defendants, the Court of Sessions, after due proceedings had, appointed a committee of whom the plaintiff was one, to lay out the highway therein prayed for, at the expense of the petitioners; the com-

Patridge *v.* Ballard & al.

mittee proceeded under their commission to examine the ground over which the road was to pass; and being of opinion that a variation from the precise course described in the petition and thence copied into their commission, and for which one of the petitioners was also particularly solicitous, would better accommodate the public, they recommended such alteration to the Court;—whereupon the Court being satisfied on due examination that the alteration would be a public benefit, and that it did not materially affect the general objects and views of the petitioners, and no person appearing to object, the Court amended the petition accordingly, and reappointed the same committee to lay out the highway agreeably to the petition as thus amended, at the expense of the petitioners; and the committee proceeded thereupon to lay out the highway, some of the petitioners being present at the location and made due return of their doings.

It did not appear that the petitioners ever specially employed any person as agent or attorney to present the petition; but it was handed by a third person, (together with another petition signed by others for the same highway but which was never prosecuted,) to the attorney who did in fact present it, and who attended to the business while it was pending. Nor did it appear that the committee were ever instructed or requested by either of the petitioners to lay out the highway, or that they were notified by either of the petitioners not to enter upon that service. But it did appear that they intended that the petition should be presented; that they well knew the general course of proceedings relating to its presentment and prosecution, from time to time while it was pending; and that none of them, during that time, ever disclaimed or disavowed the authority of the attorney who had charge of the business in their behalf. There was also some evidence exhibited touching the effect of the alteration made in the petition, upon the general object sought by the petitioners.

Upon this evidence the Judge instructed the jury that it was competent for the Court of Sessions, in the exercise of a sound discretion, to impose as a condition on granting the prayer of a petition for a new highway, that the expense of its location should be paid by the petitioners;—that the petitioners in such

case were not bound to cause the road to be laid out; but if they did proceed and cause it to be laid out under such order, they thereby assented to the condition imposed;—that if the alteration in the road prayed for was one which would better accommodate the public, and at the same time was not material as it respected the objects sought by the petitioners, of which the jury would judge, such alteration would not discharge the petitioners, if otherwise responsible to the plantiff; but that if the alteration made was inconsistent or at variance with the general objects and views of any one of the petitioners, unless such alteration had been assented to by the petitioners, it would discharge them;—that the rule of Court having been established for twenty years or more, and having been uniformly practised upon, except in special cases; and the attorney continuing to proceed in obtaining the location of the road, and the petitioners not objecting, but some of them taking an active part in forwarding the proceedings, were facts constituting sufficient evidence of assent to the conditions imposed respecting the expense;—and that it could not avail the defendants that all the committee had not joined in the action, nor that there was another petition for the same object, signed by other persons who were not defendants in this action.

The jury thereupon returned a verdict for the plaintiff, which was to be set aside if this direction was wrong; otherwise, to stand.

*Emmons,* for the defendants.

1. The Court of Sessions had no authority by law to impose on petitioners the expense of locating roads, without their consent.

Their powers are given by statutes, in which this authority is not enumerated, and therefore does not exist. There is no reason why it should exist:—it is repugnant to natural justice, as it compels private citizens to pay for public works:—it is an unequal distribution of public burdens :—and against the policy of the law in other cases similar in principle to this, as where a private citizen prosecutes a criminal offender. The public ought to defray the expense as well in the one case as in the other.

2. Here has been no assent of the petitioners.

As the Court of Sessions had no authority to create an obligation on them, they may well be presumed to have relied on that fact; in which case their suffering the process to go on is no evidence of assent. And they may well be supposed to have believed that all the petitioners on *both* petitions were alike liable. Had there been an express promise, it would not have bound them, if the law would not otherwise charge them:—much less where, as in this case, there was no sufficient consideration.

3. The petition was materially altered, without the petitioners' consent.

*Greenleaf* and *Fuller*, for the plaintiff.

As to the *first* point, they contended that the roads denominated public highways were often of greater private than public advantage;—that the Court of Sessions was a committee of the prudential affairs of the county;—that they were not bound to establish roads whenever prayed for;—but might well take all circumstances into their consideration, and establish them upon such terms as they might think reasonable;—and that if the expenses of a viewing committee were legally chargeable on petitioners, as in *Commonwealth v. Cambridge*, 7 *Mass.* 158, so, for the like reason, the expense of location.

As to the *second* point, they insisted that the petitioners, well knowing that the petition was advocated by a gentleman of the bar in their behalf, and not having denied his authority, they were bound by all orders of the Court, of which he was conusant. If he did not choose to accept an adjudication upon the terms of the order of 1799, he might have withdrawn the petition.

The immateriality of the alteration was settled by the verdict.

MELLEN C. J. delivered the opinion of the Court as follows.

Several objections have been made to the instructions given to the jury by the Judge who presided at the trial.

As to the competency of the Court of Sessions to annex a condition to the grant of the prayer of the petition for the location of the highway in question:—by the *Stat.* 1786, *ch.* 67,

*sec.* 2. the Court of General Sessions of the peace may, in certain cases lay out *private ways* at the costs *of the persons applying.* A similar power is given to the Court of Sessions in this State, by *Stat.* 1821, *ch.* 118. *sec.* 10. By this provision it must be intended that the Courts may subject the persons applying for the way to the payment of such costs, whether they consent thereto or not. In the case of county roads or highways no such provision exists by law. In the case before us it was not contended by the plaintiff nor intimated by the Judge that the Court had power to compel the petitioners to defray the expense of laying out the road *without their consent.* The decision of the Court as to the location of the road, expressed in the judgment and warrant, could not *of itself* create any liability on the part of the petitioners;—it is the *assent* of the petitioners, in every such case, which must create their liability. Hence, in the case at bar, the question of assent was left to the jury for their consideration and decision, upon the evidence relied on by both parties. On this point we perceive nothing incorrect in the Judge's instructions to the jury.

The next objection to the opinion of the Judge relates to the *alteration* made in the course of the road, and the submission of the question of its *materiality* to the determination of the jury, as well as the petitioners' *assent* to such alteration. We think both these points were properly left to the jury. This is not like the common case of an alteration of a written contract, where the question of materiality is always a question of law,—being a question of construction;—but in the case before us the materiality or immateriality must depend on facts which are not open to the inspection of the Court, but must be proved by witnesses in the usual form, whose character and testimony must be the subject of their peculiar consideration.

Neither was the Judge incorrect in stating to the jury that certain facts, by him enumerated, constituted sufficient evidence of the assent of the petitioners to the conditions above mentioned respecting the expense of laying out the road. By this instruction of the Judge he must have intended that the jury would decide whether the facts to which he referred were satisfactorily proved; and that, if they believed those facts, they proved the assent to those conditions. We perceive nothing improper

in this instruction. When certain facts are proved, with a view to take a case out of the statute of limitations,—to prove a new promise by a person after his arrival at full age,—to shew probable cause for a prosecution,—or to charge or discharge an indorser in a suit against him ; in all such cases, and many others which might be named, it is a question of law whether the facts so proved are sufficient to establish the point intended.

Another objection is, that it is against public policy to give legal effect to the promise of the defendants, if such promise has been proved. No authorities have been read to support this objection; and inasmuch as the petitioners must have felt an interest in procuring the establishment of the road, we do not perceive why public policy should discountenance the performance of the promise they made to gain the object they had in view. See the case *Gowen v. Nowell*, 1 *Greenl.* 292.

The last objection which has been noticed by the counsel in the argument is, that the promise of the defendants is without any legal consideration. In reply to this objection we need not add any thing to the answer last given.

*Judgment on the verdicts*